UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bobbi Thatcher,<br><br>　　　Plaintiff<br><br>v.<br><br>Bank of America, N.A., et al.,<br><br>　　　Defendants | Case No.: 2:18-cv-00085-APG-NJK<br><br>**Order Denying Motions to Quiet Title and for Lis Pendens**<br><br>[ECF Nos. 3, 4] |

Pro se plaintiff Bobbi Thatcher sues Bank of America, N.A. and the Mortgage Electronic Registration System about a home-loan modification that she alleges violates state and federal laws, and a security interest in her home that she alleges is invalid or unperfected.[1] Thatcher seeks declaratory and injunctive relief and damages.[2] This case is only a few days old yet Thatcher moves in two separate, single-paragraph motions to quiet title in her home under 28 U.S.C. § 2409a[3] and for an order for a lis pendens under NRS 14.010.[4] I construe each motion as one seeking summary judgment and deny them both.

## Discussion

This court's local rules provide that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."[5] Further, motions for summary judgment "must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or

---

[1] ECF No. 1.

[2] *Id.*

[3] ECF No. 3.

[4] ECF No. 4.

[5] LR 7-2(d). A copy of the local rules are available on the court's website at www.nvd.uscourts.gov.

1

other evidence on which the party relies."[6] Neither of Thatcher's motions contains any statement of fact, evidence, legal authority, or analysis.[7] Thatcher's motions are therefore deficient and I deny them for this reason.

I also note that it is not clear what Thatcher seeks with her motion for "an Order of Lis Pendens." A lis pendens is a written instrument that provides notice of the pendency of an action "for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property . . . ."[8] Nevada law requires the plaintiff to record a notice of lis pendens with the recorder of the county in which the property is situated at the time that she files a complaint affecting real property.[9] A defendant is also required to file one at the time of filing its answer but only if it claims affirmative relief in its answer.[10] Thatcher does not need a court order permitting her to record a lis pendens and she is not entitled to an order compelling the defendants to do so because there is no evidence that either defendant has been served with a summons and a copy of the complaint in this case, let alone filed an answer that seeks affirmative relief.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Thatcher's motion to quiet title **[ECF No. 3]** and motion for an order of lis pendens **[ECF No. 4] are DENIED**.

Dated: January 30, 2018

_____
U.S. District Judge Andrew P. Gordon

---

[6] *Id.* at 56-1.

[7] *See generally* ECF Nos. 3, 4.

[8] Nev. Rev. Stat. § 14.010(1).

[9] *Id.*

[10] *Id.*

2